# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY LEE CASTLE,<br><br>        Plaintiff,<br><br>    v.<br><br>A. HEDGPETH, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-01754-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Sy Lee Castle ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 14, 2010, Plaintiff filed a motion requesting appointment of counsel. (Doc. #48.) Plaintiff's motion also requests the Court to order Defendant Hedgpeth to provide Plaintiff with access to the law library for two hours per week. The Court will construe the latter request as a request for preliminary injunctive relief.

With respect to Plaintiff's request for appointment of counsel, Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and has made serious allegations which, if proven, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id. Accordingly, Plaintiff's request for appointment of counsel will be denied.

With respect to Plaintiff's request for preliminary injunctive relief, Plaintiff is advised that the purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief.

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Plaintiff requests the Court to order Defendant Hedgpeth to provide Plaintiff with access to the law library two hours per week. Plaintiff has failed to present any argument about his likelihood of success on the merits. Plaintiff has also failed to identify any imminent threat of irreparable harm. Plaintiff argues that he needs physical access to the law library because he believes that his legal documents might be intercepted and thrown away if he uses the remote research procedures provided by the prison. Plaintiff cannot obtain a court order granting preliminary injunctive relief to prevent hypothetical harms. See Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009). Further, the Court notes that Plaintiff has not been threatened with any sanctions and has not missed any deadlines in this action. Finally, Plaintiff has not presented any argument or evidence regarding whether the balance of equities tips in his favor, whether the relief sought is in the public's interest, or whether the relief sought is the least intrusive means necessary to prevent the irreparable harm. Accordingly, the Court will recommend that Plaintiff's motion be denied.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's request for appointment of counsel be DENIED; and

2. Plaintiff's request for preliminary injunctive relief be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised

///

///

///

3

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 4, 2011**                           /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE