# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY LEE CASTLE, | CASE NO. 1:08-cv-01754-AWI-SKO PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (Doc. 39, 40, 50, 53, 64) |
| A. HEDGPETH, et al., | |
| Defendants. | |

Plaintiff Sy Lee Castle ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 14, 2010, Plaintiff filed a motion "objecting to Mitchell Wrosch as Counsel of Record for Defendants Hedgpeth, Marta, and Amavisca." (Doc. #39.) Plaintiff filed a similar motion on July 15, 2010. (Doc. #40.) Plaintiff argues that the Court should not allow Mitchell Wrosh to represent the Defendants because the Court "will have to spend more resources and this is a tactic to delay, stone wall, prolong court proceedings and hinder Plaintiff from prosecuting this case that will prejudice the plaintiff." (Pl. Mot. Objecting to Mitchell Wrosch as Counsel of Record for Defendants Hedgpeth, Marta, and Amavisca 1, ECF No. 39.) Plaintiff's arguments are not persuasive. Plaintiff has failed to set forth a legally sufficient argument to object to Defendants' representation by their counsel of choice. Accordingly, Plaintiff's motions will be denied.

On September 28, 2010, Plaintiff filed a motion requesting permission to propound additional interrogatories. (Doc. #50.) Plaintiff filed a similar motion on January 3, 2011. (Doc. #64.) Plaintiff argues that he "was blind sided with Defendans[sic] new claim of defenses that was

1

1  not pleaded in their initial responsive[sic]." (Pl. Mot. Request Permission to File Additional
2  Interrogatories 1, ECF No. 50.) Plaintiff claims that Defendants raised a new defense when they
3  informed Plaintiff in response to an interrogatory that certain prison regulations were promulgated
4  because a chaplain was found to have been smuggling contraband into the prison and distributing
5  it to inmates through containers of prayer oils.

6  Under the Federal Rules of Civil Procedure, the Court may grant leave to propound more
7  than 25 interrogatories on a party. Federal Rule of Civil Procedure 26(b)(2), 33(a)(1). However,
8  Plaintiff's arguments are not persuasive.

9  Plaintiff argues that he was "blind sided" by Defendants' new defense. However, Defendants
10 clearly indicated in their answer that they would assert failure to state a claim as an affirmative
11 defense. Defendants' arguments regarding the justifications for the prison regulations are fairly
12 encompassed within Defendants' failure to state a claim defense. Accordingly, there is nothing
13 "new" or unfair that would justify providing Plaintiff leave to propound additional interrogatories.
14 Plaintiff has offered no other justification for his request for leave to propound additional
15 interrogatories. The Court will deny Plaintiff's request for leave to propound additional
16 interrogatories.

17 On October 25, 2010, Plaintiff filed a motion "to strike Defendants[sic] Insufficient Defense
18 that was not Pleaded in their Initial Responsive Pleading or Answer." (Doc. #53.) Plaintiff contends
19 that Defendants' arguments regarding the justification for the prison regulations related to prayer oils
20 is a new defense that should be disregarded because Defendants failed to mention these facts in their
21 answer. As discussed previously, the facts related to the justification for the prison regulations are
22 fairly encompassed with Defendants' assertion of the failure to state a claim defense. If the prison
23 regulations are related to legitimate penological concerns, Plaintiff fails to state a claim. Defendants
24 are not obligated to inform Plaintiff of every fact relevant to their defenses in their answer.
25 Accordingly, Defendants did not improperly raise a new defense in their response to Plaintiff's
26 interrogatory. It is Plaintiff's responsibility to discover the facts relevant to Defendants' affirmative
27 defenses through the discovery process. The Court will deny Plaintiff's motion to strike Defendants'
28 defense.

1 | Based on the foregoing, it is HEREBY ORDERED that:

2 | 1. Plaintiff's July 14, 2010 and July 15, 2010 motions objecting to Mitchell Wrosch as counsel for Defendants are DENIED;

2. Plaintiff's September 28, 2010 and January 3, 2011 motions requesting permission to propound additional interrogatories are DENIED; and

3. Plaintiff's October 25, 2010 motion to strike Defendants' insufficient defense is DENIED.

IT IS SO ORDERED.

**Dated:   February 4, 2011**          /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE